36 F.3d 1108
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley R. GREEN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7033.
 United States Court of Appeals, Federal Circuit.
 June 22, 1994.
 
 Before NIES, PLAGER, and RADER Circuit Judges.
 ON MOTION
 ORDER
 NIES, CIRCUIT JUDGE.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Stanley R. Green's appeal for lack of jurisdiction. Green opposes.
 
 
 2
 Green seeks review of a decision of the Court of Veterans Appeals summarily affirming the Board of Veterans Appeals' decision that denied his claim of entitlement to compensation for additional disability of the upper spine, left shoulder, and neck as the result of treatment by the Department of Veterans Affairs' physicians. In his informal brief, Green argues that the regional office, the Board, and the Court of Veterans Appeals failed to consider all of his evidence and asks that we review the evidence.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Green challenges the alleged failure of the Court of Veterans Appeals to consider all of the evidence. However, the Court of Veterans Appeals did consider the evidence that Green considers persuasive. Green does not address the holding of the Court of Veterans Appeals, that is, that he failed to submit competent evidence that his disabilities are causally related to alleged mistreatment by the Department of Veterans Affairs' physicians. Thus, Green's appeal amounts to a request for de novo review of his claim. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.